

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-11-2007

# Estrada v. Williamson

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3278

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Estrada v. Williamson" (2007). *2007 Decisions*. Paper 784.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/784

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-3278
_____

GEORGE ESTRADA,
Appellant

vs.

TROY WILLIAMSON

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. No. 06-cv-00245)
District Judge: Honorable James F. McClure, Jr.

_____

Submitted Under Third Circuit LAR 34.1(a)
July 5, 2007
Before:  FISHER, ALDISERT and WEIS, <u>CIRCUIT JUDGES</u>
(Filed: July 11, 2007)
_____

OPINION
_____

PER CURIAM.

George Estrada appeals from the order of the United States District Court

for the Middle District of Pennsylvania denying his petition for writ of habeas corpus

under 28 U.S.C. § 2241.  Estrada, a federal prisoner who is incarcerated at the Allenwood

United States Penitentiary ("USP-Allenwood"), challenged the Bureau of Prison's

1

regulation prohibiting threatening another with bodily harm on the grounds that it was void for vagueness. Estrada also alleged that the disciplinary proceedings held regarding his violation of this regulation denied him due process. For the following reasons, we will affirm the order of the District Court.

Upset about a job change, Estrada approached his female unit manager in the prison dining hall during the noon meal. Estrada concedes that he addressed her with a loud and boisterous tone of voice, and that each time he spoke to her he stepped towards her direction. Estrada was told to settle down, and when he did not, he was escorted from the dining hall to the Special Housing Unit. Estrada's unit manager then wrote an incident report charging Estrada with threatening another with bodily harm in violation of Code 203. An investigation was initiated which included interviews with Estrada and a prison employee who witnessed the incident. A Unit Disciplinary Committee ("UDC") hearing was convened in March 2005. The UDC then referred the charges to the Disciplinary Hearing Officer ("DHO") for further proceedings.

A DHO hearing was convened in April 2005. DHO K. Bittenbender determined that upon consideration of Estrada's size, mannerisms, movements, and tone of voice during the incident, Estrada had committed the prohibited act of threatening another with bodily harm or any other offense in violation of Code 203. Estrada was sanctioned to a thirty day term of disciplinary segregation, a one year loss of telephone and visiting privileges, a twenty-one day loss of good conduct time and a sixty day loss of non-vested good conduct time. Estrada filed a petition for writ of habeas corpus under 28

2

U.S.C. § 2241 seeking reinstatement of his good conduct time and privileges. The District Court denied his petition.

We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(a). We exercise plenary review of a district court's legal conclusions in a habeas proceeding; any factual determinations made by the district court will be upheld unless found to be clearly erroneous. See Wilson v. Beard, 426 F.3d 653, 659 (3d Cir. 2005).

On appeal, Estrada does not dispute the District Court's conclusion that the DHO's decision was based upon "some evidence." Rather, Estrada contends that he was denied due process because: (1) Code 203 is unconstitutionally vague; and (2) his UDC hearing was held a few days late.[1] For the reasons that follow, we will affirm the District Court's order.

Estrada contends that Code 203 is unconstitutionally vague. We disagree. Estrada was charged with violating Code 203, which prohibits threatening another with bodily harm or any other offense. See 28 C.F.R. § 541.13, Table 3. We have long "reject[ed] the view that the degree of specificity required of [prison] regulations is as strict in every instance as that required of ordinary criminal sanctions." Meyers v. Alldredge, 492 F.2d 296, 310 (3d Cir. 1974). "Prisoners, unlike free men, must well know that they are considered potentially dangerous men and must expect to be highly

---

[1] Estrada also argues that the investigation of the incident was inadequate, the incident report was vague, and the disciplinary process was not impartial. Because Estrada did not raise these arguments in the District Court, we decline to reach them here.

regimented. In such cases the law requires less in the way of notice, and places a greater burden on the individual to make inquiry or ask permission before acting." Id. at 311 (quoting Landman v. Royster, 333 F. Supp. 621, 655-56 (E.D. Va. 1971)). Given Estrada's status as a prisoner, his size, his admittedly loud and boisterous tone of voice, and the fact that he continually stepped towards the female employee during the incident, Estrada should have realized that his actions could constitute a violation of Code 203.

Estrada also contends that he was deprived of due process because his UDC hearing was held six days late. Having carefully reviewed the District Court record, we find no error in its decision to deny Estrada habeas corpus relief. The District Court correctly determined that Estrada was afforded all of the process that he was due under Wolff v. McDonnell, 418 U.S. 539 (1974).

For these reasons, we will affirm the order of the District Court dismissing Estrada's habeas petition.